liBROWN, Judge.
Plaintiff, Diane Beard, filed suit against defendant, Summit Institute of Pulmonary Medicine, Inc., (Summit), seeking accrued unpaid vacation pay, penalties and attorney fees. Ms. Beard moved for summary judgment which was granted in her favor. Summit has appealed. We reverse and remand.

*622
FACTS

Beginning in June 1994, plaintiff, Dianne Beard, was employed by Summit, a long term acute care hospital, as a licensed practical nurse. At the beginning of her shift on June 25, 1995, plaintiff walked off the job. The next day she showed up in the middle of her shift and turned in her badge. Subsequently she requested to be paid for 32 hours of unused vacation. When Summit refused her request, she sued and filed a motion for summary judgment which the trial court granted. Summit was cast for $432 in vacation pay, $9,720 in penalty wages, interest, costs, and attorney’s fees; Summit then sus-pensively appealed.
In response to Beard’s motion for summary judgment, Summit attached the affidavit of Director of Nursing, Renee Downey, who held that position in June 1995 when the events at issue transpired. In her affidavit, Downey stated that on and before June 25, 1995, Summit had in effect a human resources policy concerning “abandonment of position” that applied to all employee care givers, including LPNs. A copy of the policy was attached as Exhibit A to Downey’s affidavit. Item 4 of the policy states: “An employee will be considered to have abandoned his/her position if he/she walks off the job without cause.” Item 6 of the policy states: “When an employee abandons his/her position, all accrued benefits are forfeited.” Under Item 7 of the policy, abandonment of position is considered a voluntary resignation without notice. Downey’s affidavit stated that for reasons “which are readily apparent” if a nurse walks off the job with no notice during a shift, there are “potentially disastrous consequences.” Downey stated that |2this policy was well known to all Summit employees, including Beard, and had been uniformly applied to other employees who resigned without proper notice.
With respect to the incident at issue, Dow-ney’s affidavit stated that Beard went to her locker and retrieved her personal items, and said words to the effect of “I am gone. I am leaving.” Beard allegedly never reported to the charge nurse that she was leaving. Dow-ney’s affidavit asserted that on June 25 there was a critical shortage of nursing personnel in Summit’s Critical Care Unit, and that the unauthorized departure of Beard further complicated an already bad situation. When Beard returned the following day and was asked by Downey why she had abandoned her position, Beard allegedly responded that she was angry and that it was best that she leave. According to Downey, Beard stated that she did not like the aides assigned to her shift and acknowledged that she had abandoned her position leaving the shift shorthanded.
Downey further asserted that on two prior occasions Beard had threatened to quit without proper notice, and that Downey had talked her out of quitting by reminding her that if she left she would be in violation of company policy and would be subject to forfeiture of acquired benefits.

DISCUSSION

An employee’s entitlement to payment of earned wages upon resignation or termination is governed by La. R.S. 23:631, which states:
A. (l)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge.
(b) Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later |3than fifteen days following the date of resignation, whichever occurs first.
La. R.S. 23:634 generally prohibits contracting against such entitlement and states:
No person, acting either for himself or as agent or otherwise, shall require any of his employees to sign contracts by which the employees shall forfeit their wages if discharged before the contract is completed *623 or if the employees resign their employment before the contract is completed; but in all such eases the employees shall be entitled to the wages actually earned up to the time of their discharge or resignation.
Summit had in place, at the time of Ms. Beard’s resignation, a written human resources policy which prohibited any employee from collecting any accrued benefits, including vacation pay, if she abandoned her position and the policy further provided that an employee is considered to have abandoned her position if the employee walks off the job without cause.
Ms. Beard does not dispute Summit’s statement of the material facts surrounding her resignation. The trial court found that Summit’s policy was in direct contravention of La. R.S. 23:634.
This court has considered vacation pay as wages for the purposes of La. R.S. 23:631, and in some cases, La. R.S. 23:634; however, a policy which provides for the forfeiture of benefits, which is not controlled by the unilateral act of the employer, may in some circumstances be permissible. Potvin v. Wright’s Sound Gallery, Inc., 568 So.2d 623 (La.App. 2d Cir.1990).
In the instant case, Summit had in place a written human resources policy which constrained and penalized its employees for quitting their jobs without notice to the employer. This policy provided that any employee who failed to give proper notice would forfeit accrued benefits, including unpaid vacation. This policy allows the employee to make the decision. There is no provision in the |4policy permitting the employer to act unilaterally to deprive the employee of accrued benefits.
In addition to the policy being fair, the reasons behind it are compelling. In any health care facility, it is essential to have proper staffing to provide the requisite patient care. An employee who leaves her position without notice severely undermines the employer’s ability to give adequate care. The policy's purpose is to protect the patient. Further, an LPN who does leave her position without notice is subject to being reported to the licensing board for an official reprimand.
We find that the trial court erred in granting Ms. Beard’s motion for summary judgment. The material facts of Ms. Beard’s resignation were not in dispute. Under those facts, she was not entitled to accrued vacation pay. Summit’s policy was not unreasonable or in contravention of La. R.S. 23:634.

DECREE

For the foregoing reasons, the trial court’s judgment granting summary judgment in favor of plaintiff, Diane Beard, is REVERSED and the case is REMANDED for further action in accordance with this opinion. Costs are assessed to plaintiff/appellee.
REVERSED and REMANDED.